UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ELVIS NOLASCO,

                Plaintiff.

  -against-

THE CITY OF NEW YORK, P.O.
WILFREDO E. RIVERA and P.O.s
"JOHN DOE" # 1-5 (said names being
fictitious, as the true names are presently
unknown), Individually and in their Official
Capacities,

                Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

ECF CASE
Judge R.S.W.

CASE NO.: 07-cv-3937

Plaintiff, ELVIS NOLASCO, by and through his attorney, **ARNOLD J. LEVINE, ESQ.**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. WILFREDO E. RIVERA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in the this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P.38(b).

## PARTIES

7. At all times relevant hereto Plaintiff was and is a resident of New York County in the State of New York, in the Southern District of New York.

8. At all times relevant hereto Defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages,

directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants P.O. WILFREDO E. RIVERA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On February 28, 2006, at approximately 10:45 a.m., Plaintiff ELVIS NOLASCO was in or about the area of 614 West 177th Street, between Wadsworth Avenue and St. Nicholas Avenue, New York, New York.

13. Plaintiff was walking on the sidewalk when an unidentified and unapprehended person stole Plaintiff's cell phone, which had been clipped onto the outside of Plaintiff's pants.

14. Plaintiff chased the person who stole his cell phone into the building located at 614 West 177th Street, New York, New York.

**3**

15. Defendant Police Officer Rivera opened the door to the building, allowing Plaintiff to enter.

16. Upon entering the building, Plaintiff continued to chase the individual up a set of stairs and reached the third or fourth floor landing before being tackled from behind by a man who later became known to Plaintiff as a police officer in plainclothes.

17. Before Plaintiff was tackled, no person, including the plainclothes police officer who tackled Plaintiff, identified himself to Plaintiff as a police officer.

18. Plaintiff was then handcuffed on the floor on the third or fourth floor landing where he was then surrounded by Defendant Police Officers.

19. Plaintiff told the Defendant Police Officers that he was the victim of a crime and had entered the building trying to retrieve his cell phone.

20. Instead of investigating the theft of Plaintiff's cell phone, Defendant Police Officers repeatedly punched and kicked Plaintiff in the face, head, and body, causing, redness, swelling, bruising, bleeding in his eye, and substantial pain.

21. The police officers then arrested Plaintiff without probable cause.

22. After his arrest, Plaintiff was transported by Defendant Police Officers to the 33rd Precinct, New York, New York, where Defendant Police Officers filled out false and misleading paperwork implicating Plaintiff in the commission of crimes he did not commit.

23. At the precinct, Plaintiff complained of severe pain in his head and body. After a long delay, Plaintiff was finally removed to Harlem Hospital Center, where he was admitted.

24. Plaintiff presented to the hospital with multiple blunt trauma injuries to the body, contusions and/or bleeding around the eye(s), and an abrasion to his left knee.

25. Plaintiff underwent x-rays of his ribs and was diagnosed with a non-displaced fracture of his 9th rib and trauma to his body and head. The hospital prescribed pain medication.

26. On March 1, 2006, while still in the hospital, Plaintiff was arraigned on charges of Criminal Trespass in the Second Degree, Unlawful Possession of Marijuana, and Resisting Arrest. Plaintiff was discharged from the hospital on March 2, 2006.

27. On May 26, 2006, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff ELVIS NOLASCO was served upon NYC.

28. On January 30, 2007, all charges against plaintiff were dismissed and sealed.

29. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

30. No hearing pursuant to General Municipal Law Section 50-H was held in this matter, as no notice of any such hearing was ever served by NYC and is therefore waived.

31. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

<u>5</u>

34. All of the aforementioned acts deprived Plaintiff ELVIS NOLASCO of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

38. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### FALSE ARREST

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. As a result of Defendants' aforementioned conduct, Plaintiff ELVIS NOLASCO was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

43. As a result of his false arrest, Plaintiff suffered and loss of liberty and was subjected to humiliation, ridicule, and disgrace. Plaintiff was discredited in the minds of members of the community.

44. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF:
### FALSE IMPRISONMENT

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

7

46. As a result of his false imprisonment, Plaintiff suffered a loss of liberty and was subjected to humiliation, ridicule, and disgrace. Plaintiff was discredited in the minds of many members of the community.

47. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

50. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

51. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bleeding, bruising, and swelling about his face, head, and body.

52. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

54. By the aforementioned actions, the Defendant Police Officers did inflict assault and battery upon the Plaintiff ELVIS NOLASCO. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs, and expenses and was otherwise damaged and injured.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57. Defendant Police Officer WILFREDO E. RIVERA and "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown) stopped, searched, and arrested ELVIS NOLASCO despite a lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

58. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

60. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

61. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff ELVIS NOLASCO.

62. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff ELVIS NOLASCO as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff ELVIS NOLASCO as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ELVIS NOLASCO.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

**10**

66. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

67. All of the foregoing acts by Defendants deprived Plaintiff ELVIS NOLASCO of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from search, seizure, and arrest not based on probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. To be free from intentional assault, battery, and infliction of emotional distress;

   f. Not to have cruel and unusual punishment imposed upon him; and

   g. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

**11**

    2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

    3. Reasonable attorney's fees and costs; and

    4. Such other and further relief as this Court deems just and proper.


DATED:    New York, New York
               May 21, 2007

                                  Respectfully submitted,

                                  /s/ Arnold J. Levine
                                  Arnold J. Levine (AL6819)

                                  ARNOLD J. LEVINE, ESQ.
                                  *Attorney for Plaintiff*
                                  The Woolworth Building
                                  233 Broadway, Suite 901
                                  New York, New York 10279
                                  (212) 732-5800