UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ELVIS NOLASCO,                                        **ANSWER**

                    Plaintiff,              07 CV 3937 (RWS)

        -against-                             <u>Trial By Jury Requested</u>

THE CITY OF NEW YORK, P.O. WILFREDO E.              (filed by ECF)
RIVERA and P.O.s "JOHN DOE" # 1-5 (said names
being fictitious, as the true names are presently
unknown), individually and in their Official
Capacities,

                    Defendants.

------------------------------------------------------------------------x

        Defendants City of New York and Wilfredo Rivera, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to assert claims as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke pendent jurisdiction as set forth therein.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

6.      Admit that plaintiff purports to demand a trial by jury as set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City of New York is a municipal corporation authorized pursuant to the laws of the State of New York and that it maintains a police department.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York employs Wilfredo Rivera as a police officer and that plaintiff purports to sue him as set forth therein, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Doe defendants, and state that "acting under color of state law" is a legal conclusion rather than an averment of fact and, accordingly, no response is required.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except state that the allegations concerning whether the defendants were acting under color of statutes, ordinances, regulations, policies, customs, and usages, pursuant to their authority as employees, servants, and agents, and within the scope of their employment are legal conclusions rather than averments of fact and, accordingly, no response is required.

11.     Deny the allegations set forth in paragraph "11" of the complaint and respectfully refer the Court to the relevant provisions of law as to the City of New York's responsibilities concerning members of the New York City Police Department.

2

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was handcuffed by police officers.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff stated that he was in the building to get a cell phone.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was arrested.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was arrested and transported to the 33rd New York City police precinct in Manhattan.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was transported to Harlem Hospital Center and was admitted to the hospital.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was arraigned on charges of criminal trespass in the second degree, unlawful possession of marijuana, and resisting arrest.

27.     Deny the allegations set forth in paragraph "27" of the complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about May 26, 2006.

28.     Deny the allegations set forth in paragraph "28" of the complaint, except admit that the charges were dismissed on or about January 30, 2007.

29.     Deny the allegations set forth in paragraph "29" of the complaint, except admit that more than thirty days have elapsed and that the claim has not been settled.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except state that the allegations concerning whether a hearing held pursuant to 50-H of the New York General Municipal Law has been waived are legal conclusions rather than averments of fact and, accordingly, no response is required.

31.     Defendants state that the allegations set forth in paragraph "31" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth therein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth therein.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth therein.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth therein.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth therein.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52" of this answer as if fully set forth therein.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "55" of this answer as if fully set forth therein.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

67.    Deny the allegations set forth in paragraph "67" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

68.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

69.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

70.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

71.    Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

72.    There was probable cause for plaintiff's arrest and/or detention.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73.     Punitive damages are not obtainable as against defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74.     Defendant Wilfredo Rivera has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75.     Plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76.     Plaintiff provoked any incident.

**WHEREFORE**, defendants City of New York and Wilfredo Rivera request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            August 10, 2007

                                    **MICHAEL A. CARDOZO**
                                    Corporation Counsel of the
                                        City of New York
                                    Attorney for Defendants City of New York
                                        and Wilfredo Rivera
                                    100 Church Street
                                    New York, New York  10007
                                    (212) 227-4071


                                    By:  _____/S/_____
                                            SUSAN P. SCHARFSTEIN (SS 2476)

To:    Arnold Levine, Esq.
       Attorney for Plaintiff
       233 Broadway, Suite 901
       New York, NY  10279

Index No.  07 CV 3937 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIS NOLASCO,

                                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK, P.O. WILFREDO E. RIVERA and
P.O.s "JOHN DOE" # 1-5 (said names being fictitious, as the true
names are presently unknown), individually and in their Official
Capacities,

                                                    Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Wilfredo Rivera*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................................., 200 . . .*

*  ...................................................................................................Esq.*

*Attorney for ..................................................................................*