

MICHAEL A. CARDOZO
Corporation Counsel

# THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
Special Federal Litigation Division
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/08

BY FACSIMILE AT (212) 805-7925

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

May 27, 2008



RECEIVED
MAY 27 2008
JUDGE SWEET CHAMBERS

    Re: <u>Nolasco v. City of New York, et al.</u>, 07 CV 3937 (RWS)

Dear Judge Sweet:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York and Wilfredo Rivera in the above-referenced action brought pursuant to 42 U.S.C. § 1983. I write with reference to the parties' joint request for an enlargement of the discovery schedule from the date that it currently is set to close, May 29, 2008, to August 29, 2008.

    There are several reasons for this request. To date, the parties have substantially completed written discovery,[1] and have attempted to determine whether the case can be resolved by settlement. Defendants retained a consulting expert to assist in evaluating plaintiff's alleged injury for the purposes of settlement discussions. However, there were some obstacles to

---

[1] Defendants have produced approximately 250 pages of documents, including NYPD paperwork related to the underlying incident, and medical and FDNY records concerning plaintiff's alleged injury, and plaintiff has produced copies of medical records and photographs in his possession. Plaintiff also has produced authorizations for release of NYPD, unemployment, social security disability, medical, and Medicaid records, and defendants have been gathering those records. Defendants are preparing written responses and objections to plaintiff's written discovery requests, and expect to serve the responses shortly.

*So ordered*
*Sweet*
*USDJ*
*5-28-08*

discussions, as I was required to devote most of my attention during the later part of March and early April to the trial of another matter. Additionally, plaintiff's counsel and I had difficulty reaching one another, as he practices principally in the area of defending criminal matters and is in criminal court and unavailable during most business days and has had several trial over the past few months. As a result, the parties have not yet commenced deposition discovery. As it became clear through various discussions that the parties' respective valuations of the case were far apart, on May 21, 2008, defendant City of New York served a Rule 68 offer of judgment, which plaintiff's counsel has advised that plaintiff does not intend to accept.

Accordingly, the parties now wish to commence deposition discovery. However, plaintiff's counsel will be on trial during the month of June in an attempted murder case in New York County Supreme Court arising out of a 71-count indictment. Therefore, we would like to conduct depositions of fact witnesses during the month of July. Plaintiff wishes to conduct the depositions of several non-party witnesses who also were arrested on the date of incident. Defendants will need to attempt to identify the non-party witnesses. Once we have done so, as those persons' arrests may be sealed pursuant to New York Criminal Procedure Law § 160.50, we will need to arrange for an "attorneys' eyes only" protective order so as to make only the limited disclosure of their identities to plaintiff's counsel necessary for him to arrange to serve subpoenas. It may then take some time for plaintiff to locate these witnesses and to serve the subpoenas once they have been identified. Further, as plaintiff is alleging a physical injury related to his arrest, the parties expect that expert testimony will be needed at the trial of this matter. Plaintiff's counsel expects that he will be able to produce expert disclosures by the end of June. Defendants can then arrange to produce disclosures of their expert in rebuttal, if any, and the parties can conduct the depositions of expert witnesses. In light of the various tasks that must be undertaken to complete discovery and the fact that plaintiff's counsel expects to be unavailable during the month of June for the trial of a criminal matter, both sides anticipate that an additional 90 days will be needed to complete fact and expert discovery.

One previous request for an extension of the discovery schedule to May 29, 2008, was made by plaintiff with defendants' consent on February 26, 2008. For the reasons set forth above, the parties request that the discovery schedule be extended from May 29, 2008, to August 29, 2008, and that the final pre-trial conference (and the date for submission of the joint pre-trial order and all other pre-trial submissions) be adjourned from June 18, 2008, at 4:30 p.m., to a date thereafter that is convenient for the Court.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc:　Arnold J. Levine, Esq.
　　　Attorney at Law
　　　233 Broadway, Suite 901
　　　New York, NY 10279
　　　(by facsimile at (212) 608-3280)

3